## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHARINE BUSH, et al,<br><br>     Plaintiffs,<br><br>v.<br><br>RUTH'S CHRIS STEAK HOUSE, INC., et al,<br><br>     Defendants. | Case No. 1:10-cv-01721-RBW |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW DEFENDANT, RCSH Operations, LLC,[1] a Louisiana limited liability company, ("Defendant" or "Ruth's Chris"), by and through its undersigned counsel, and respectfully submits its Answer and Affirmative Defenses to the Complaint of Plaintiffs Katharine Bush, Melia Wilder (Nee Stopa), and Shelly Goorevich (collectively herein referred to as "Plaintiffs"), to the individually numbered paragraphs of the Complaint as follows:

### AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted with respect to Plaintiffs' claims of "pattern and practice" discrimination.   Ms. Goorevich fails to state a claim upon which relief may be granted with respect to her claim of a hostile work environment.

---

[1] Ruth's Chris Steak House, Inc. changed its name to Ruth's Hospitality Group, Inc., which is a parent company of several subsidiaries.  RCSH Operations, LLC, a Louisiana limited liability company, operates the Ruth's Chris Steak House Restaurants in the District of Columbia, Maryland, and Virginia and, as such, is the proper Defendant.

### Second Defense

Some or all of the Plaintiffs' claims may be time-barred by virtue of the applicable federal and/or state statutes of limitation.

### Third Defense

Plaintiffs may have failed to exhaust their administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under federal and/or state law.

### Fourth Defense

All claims based on alleged unlawful employment practices not made the subject of a charge timely filed with the appropriate federal and/or state agency are time-barred.

### Fifth Defense

Any decisions concerning Plaintiffs' employment were based on legitimate, non-discriminatory, non-retaliatory reasons.

### Sixth Defense

Should Plaintiffs allege or prove that any alleged harassment was committed by a supervisor as that term is defined by law, then at all pertinent times, Defendant had in effect policies and procedures regarding the prohibition, reporting, and remediation of all types of discrimination and/or harassment, whether on the basis of sex or otherwise.  Plaintiffs were aware of these policies and procedures.  At all pertinent times, Defendant exercised reasonable care to prevent and promptly correct any discrimination and Plaintiffs unreasonably failed either

to take advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.  To the extent Plaintiffs allege and establish that they availed themselves of Defendant's reporting or complaint procedures, any such report or complaint was promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

### Seventh Defense

Alternatively, and solely in the event that Plaintiffs succeed in providing some or all of their allegations, which are denied, Plaintiffs have not alleged and cannot prove the level of malicious or reckless conduct necessary to state a claim for punitive or exemplary damages. Moreover, Defendant is not liable for any punitive damages because any alleged acts of its employees would be contrary to Defendant's good faith efforts to comply with state and federal laws.

### Eighth Defense

Alternatively, and solely in the event that Plaintiffs succeed in proving some or all of their allegations, which are denied, Defendant avers that any damages sought are subject to all applicable caps and/or limitations imposed by law.

### Ninth Defense

Alternatively, and solely in the event that Plaintiffs succeed in proving some or all of their allegations, which are denied, Plaintiffs have failed to mitigate their damages as required by law.  In the further alternative, Defendant is entitled to an offset against any award of damages in an amount equal to all interim earnings by Plaintiffs from other employment and/or other

sources, and all other additional sums that constitute interim earnings Plaintiffs could have earned had they made a reasonable effort to mitigate their damages as required by law.

## **Tenth Defense**

To the extent Defendant discovers, during the course of this action, that Plaintiffs engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiffs' alleged damages will be limited in accordance with the after-acquired evidence doctrine.

## **Eleventh Defense**

Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

## **Twelfth Defense**

Defendant reserves the right to amend this Answer and Affirmative Defenses to assert any additional defenses, if and when, in the course of its investigation, discovery, or preparation for trial, such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

## **INTRODUCTION**

1.      Defendant admits that Plaintiffs are women and avers they were employed by RCSH Operations, LLC, not Ruth's Chris Steak House, Inc. or Ruth's Hospitality Group, Inc. Defendant admits that it operates a large chain of upscale steak houses in the United States and internationally and that it was founded in the mid-1960's by a woman named Ruth Fertel. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

5.      Defendant denies that ascension to Senior Management is primarily viable through the Operations sector and denies that women were systematically channeled out of Operations.   Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

7. [sic] Defendant admits that there is a 2009 Annual Report and avers that it is the best evidence of its content.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

a.      Defendant admits that Ms. Bush and Mr. Ostrow were employees and held the position of Sales Manager.   Defendant denies the remaining allegations contained in Paragraph 9(a) of the Complaint.

b.      Defendant denies the allegations contained in Paragraph 9(b) of the Complaint.

c.      Defendant denies the allegations contained in Paragraph 9(c) of the Complaint.

d.      Defendant denies the allegations contained in Paragraph 9(d) of the Complaint.

e.      Defendant denies the allegations contained in Paragraph 9(e) of the Complaint.

f.      Defendant denies the allegations contained in Paragraph 9(f) of the Complaint.

g.      Defendant admits that Ms. Bush was terminated for using profanity. Defendant denies the remaining allegations contained in Paragraph 9(g) of the Complaint.

## JURISDICTION AND VENUE

10.     Defendant admits that this Court has jurisdiction over the instant action.

11.     Defendant admits that this Court has jurisdiction over the instant action, but denies that any Plaintiff was subjected to gender discrimination in employment.

12.     Defendant admits that venue is proper within this judicial district.  Defendant denies that any unlawful employment practices were committed.

## PARTIES

13.     Defendant admits that Ms. Bush is a female adult citizen and was employed by Defendant from September of 1998 until March of 2007 at one of its locations in the District of Columbia.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

14.     Defendant admits that Ms. Wilder is a female adult citizen and was employed by Defendant from October of 2002 until March of 2007 at, among other places, it's Fairfax, Virginia location.  Defendant denies that Ms. Wilder was employed at a location in the District of Columbia.  Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

15.     Defendant admits Ms. Goorevich is a female adult citizen and was employed by Defendant from February of 2001 until August of 2009 at its Arlington, Virginia location. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant is unable to admit or deny the allegations contained in Paragraph 21 of the Complaint as there is no temporal scope.  In an abundance of caution, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant admits the allegations contained in Paragraph 22 of the Complaint.


**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23.     Defendant admits that Plaintiffs filed charges with the EEOC and/or state and/or local agencies and denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that Ms. Bush filed a charge of sex discrimination with the EEOC and District of Columbia Rights Commission in 2007.  Defendant denies that Ms. Bush filed this charge on July 3, 2007, denies that she exhausted all administrative remedies on her claims, and denies the remaining allegations contained in Paragraph 24 for lack of information sufficient to justify a belief in the truth therein.

25.     Defendant admits that Ms. Wilder filed a charge of sex discrimination in 2007 with the EEOC and the District of Columbia Human Rights Commission in 2007.  Defendant denies that the charge was filed in July of 2007, denies that she exhausted all administrative remedies, and denies the remaining allegations contained in Paragraph 25 for lack of information sufficient to justify a belief in the truth therein.

26.     Defendant admits that Ms. Goorevich filed a charge of sex discrimination with the EEOC and Arlington County Human Rights Commission on October 30, 2008.  Defendant denies that she exhausted all administrative remedies, and denies the remaining allegations contained in Paragraph 26 for lack of information sufficient to justify a belief in the truth therein.

## FACTUAL ALLEGATIONS

27.     Defendant adopts and incorporates its responses and affirmative defenses to paragraphs 1-27 of Plaintiffs; Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits that it underwent reorganization in 2003, and denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant admits that in 2003, Ms. Jarvis moved out of Operations and that Ms. Lumb replaced her.  Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies it uses testing procedures as part of its hiring and promotion processes for all employees.  Defendant admits it uses testing procedures for certain positions, but denies it uses testing created by Batrus Hollweg.

37.     Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant admits that hourly employees must speak to their general managers about becoming a coach if they want to be considered for promotions and that RVPs have input into the selection of coaches.  Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint and specifically denies that there are discriminatory policies and practices at the Company.

**Katherine Bush**

56.     Defendant admits that Ms. Bush began working for it in September of 1998 as a bookkeeper earning $13/hour.   Defendant denies the remaining allegations contained in Paragraph 56 for lack of information sufficient to justify a belief in the truth therein.

57.     Defendant denies the allegations contained in Paragraph 57 for lack of information sufficient to justify a belief in the truth therein.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant admits that Ms. Bush was promoted in 2000 and denies the remaining allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant admits that Ms. Bush remained a Sales Manager, and denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendant admits that in 2004, Plaintiff was given a performance review and avers that the review is the best evidence of its contents.   Defendant denies the remaining allegations contained in Paragraph 62 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant admits that Mr. Ostrow was also employed as a Sales Manager, and denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant admits that on or around September 2005, it eliminated the position of Director of National Sales. Defendant denies the remaining allegations contained in Paragraph 67 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

68.     Defendant admits that Ms. Bush and Mr. Ostrow were promoted to the position of National Sales Manager.  Defendant denies the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant admits that Ms. Bush was given a performance review and avers that the review is the best evidence of its contents.

73.     Defendant admits that Ms. Bush's supervisor issued a memorandum to her approximately three months before her termination, and avers that the memorandum is the best evidence of its terms.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant denies that in mid-September 2006, Mr. Armantrout was named the Regional Vice President of Franchise Relations, and therefore denies the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendant admits that Mr. Armantrout is male and was hired after Ms. Bush. Defendant denies Ms. Bush was interested in the position for lack of information sufficient to justify a belief in the truth therein.  Defendant denies Ms. Bush was qualified.  Defendant further denies that Mr. Armantrout held the title of  Regional Vice President of Franchise Relations.

83.     Defendant denies that Mr. Armantrout held the title of  Regional Vice President of Franchise Relations.  Defendant admits the position of  Regional Vice President of the Northern California Region was not posted.  Defendant further admits that Ms. Bush was not offered the position.  Except as expressly admitted, Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant admits that Mr. Maloney was hired for the position of Regional Vice President of the Northern California region and that he is male.  Defendant denies Ms. Bush was qualified for the position. Defendant denies Ms. Bush was interested in the position for lack of information sufficient to justify a belief in the truth therein.  Defendant admits that Mr. Maloney had not previously worked for Defendant.

85.     Defendant admits that Mr. Tambini is male and that he was hired on or about August 7, 2006 for the Regional Vice President of the Southeast Region position.  Defendant denies the remaining allegations contained in Paragraph 85 of the Complaint.

86.     Defendant denies Ms. Bush was qualified for the position and denies the allegations contained in Paragraph 86 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

87.     Defendant admits the position was not advertised and that Ms. Bush was not offered the position.  Defendant denies the remaining allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant admits the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant admits that Ms. Bush was fired, in part, because of her use of "gross profanity" in an e-mail.

92.     Defendant admits Ms. Bush wrote in an email that a franchise employee was a "prick."  Defendant avers that Ms. Bush's email is the best evidence of its content.  Defendant denies the remaining allegations contained in Paragraph 92 of the Complaint.

93.     Defendant admits the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant admits the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint and avers that the referenced correspondence is the best evidence of its content.

96.     Defendant admits that after sending this email, Ms. Bush was terminated, in part, due to her "counter-culture behavior" which "negatively represented the Company and RCHS's core values."

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.     Defendant admits that on February 14, 2007, Mr. Fornaris, Regional Vice President of Operations, sent an email and avers that said email is the best evidence of its content.  Except as expressly admitted, Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

**Melia Wilder (née Stopa)**

104.    Defendant admits that Ms. Wilder became employed by Defendant in October of 2002 as a bench manager and denies the remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendant admits that after completing her training, Ms. Wilder became the General Manager of the Ruth's Chris location in Fairfax, Virginia.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant admits that Ms. Wilder received a bonus in 2004.  Defendant further admits that a change to the bonus structure was made on a company wide basis in 2005. Defendant denies the remaining allegations contained in Paragraph 107 for lack of information sufficient to justify a belief in the truth therein

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

109.    Defendant admits that Ms. Wilder was not promoted in 2005, and denies the remaining allegations contained in Paragraph 109 of the Complaint.

110.    Defendant admits that Ms. Wilder continued to work at the company, and denies the remaining allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant admits that Ms. Wilder was not promoted in 2006, and denies the remaining allegations contained in Paragraph 114 of the Complaint.

115.    Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.    Defendant denies the allegations contained in Paragraph 116 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

117.    Defendant admits that Ms. Wilder continued at her job, and denies the remaining allegations contained in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

119.    Defendant admits that Ms. Wilder was not offered a promotion, and denies the remaining allegations contained in Paragraph 119 of the Complaint.

120.    Defendant denies that in mid-September 2006, Mr. Armantrout was named the Regional Vice President of Franchise Relations, and therefore denies the remaining allegations contained in Paragraph 120 of the Complaint.

121.    Defendant admits that Mr. Armantrout is male, but denies that he held the title of Regional Vice President of Franchise Relations.  Defendant denies Ms. Wilder was interested in the position for lack of information sufficient to justify a belief in the truth therein.  Defendant denies the remaining allegations contained in Paragraph 121 of the Complaint.

122.    Defendant denies that Mr. Armantrout held the title of  Regional Vice President of Franchise Relations.  Defendant admits the position of  Regional Vice President of the Northern California Region was not posted.  Defendant further admits that Ms. Wilder was not offered the position.  Except as expressly admitted, Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.    Defendant admits that Mr. Maloney was hired for the Regional Vice President of the Northern California region and that he is male.  Defendant denies Ms. Wilder was qualified for the position. Defendant denies Ms. Wilder was interested in the position for lack of information sufficient to justify a belief in the truth therein.  Defendant admits that Mr. Maloney had not previously worked for Defendant.

124.    Defendant admits that Mr. Tambini is male and was hired on or about August 7, 2006 for the Regional Vice President of the Southeast Region position.  Defendant denies the remaining allegations contained in Paragraph 124 of the Complaint.

125.    Defendant denies Ms. Wilder was qualified for the position and denies the allegations contained in Paragraph 125 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

126.    Defendant admits the position was not advertised and that Ms. Wilder was not offered the position.  Defendant denies the remaining allegations contained in Paragraph 126 of the Complaint.

127.    Defendant admits that Ms. Wilder was terminated in March of 2007, and denies the remaining allegations contained in Paragraph 127 of the Complaint.

128.    Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.    Defendant admits Ms. Wilder saw Mr. Armantrout in March of 2007 at a conference, and denies the remaining allegations contained in Paragraph 129 of the Complaint.

130.    Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.    Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.    Defendant admits that Ms. Wilder was terminated for her behavior during the conference and denies the remaining allegations contained in Paragraph 132 of the Complaint.

133.    Defendant admits the allegations contained in Paragraph 133 of the Complaint.

134.    Defendant admits that Mr. Armantrout reported that Ms. Wilder extended her middle finger, and denies the remaining allegations contained in Paragraph 134 of the Complaint.

135.    Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.    Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138.    Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.    Defendant admits that Mr. Armantrout sent an email in March of 2007 regarding Ms. Wilder's behavior to Ms. Jackson, Mr. Stiles, and Ms. Lumb.   Defendant denies the remaining allegations contained in Paragraph 140 of the Complaint.

141.    Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.    Defendant admits that Ms. Wilder was terminated, and denies the remaining allegations contained in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations contained in Paragraph 143 of the Complaint.

**Shelly Goorevich**

144.    Defendant admits the allegations contained in Paragraph 144 of the Complaint.

145.    Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.    Defendant admits that in 2004 Ms. Goorevich earned approximately $39,000 in base salary and that in 2005 Ms. Goorevich earned approximately $41,000 in base salary. Defendant admits that in 2004 Mr. Ostrow was paid a base salary of $53,560 and that in 2005 Mr. Ostrow was paid a base salary of $60,000.   Defendant denies the remaining allegations contained n Paragraph 146 of the Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.    Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.    Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152.    Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153.    Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156.    Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157.    Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158.    Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159.     Defendant denies the allegations contained in Paragraph 159 of the Complaint.

160.     Defendant denies the allegations contained in Paragraph 160 of the Complaint.

161.     Defendant denies the allegations contained in Paragraph 161 of the Complaint.

162.     Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163.     Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164.     Defendant denies the allegations contained in Paragraph 164 of the Complaint.

165.     Defendant admits that in September of 2008, Ms. Goorewich needed a wedding cake brought to the restaurant.   Defendant denies the remaining allegations contained in Paragraph 165 of the Complaint.

166.     Defendant admits that on or about September 23, 2008, Ms. Goorevich made allegations against Mr. Forrester to Ms. Hughes, that Ms. Hughes was the General Manager and Ms. Goorevich's immediate supervisor, and that Ms. Hughes advised Mr. Goorevich that she would look into the situation.   Defendant denies the remaining allegations contained in Paragraph 166 of the Complaint.

167.     Defendant denies the allegations contained in Paragraph 167 of the Complaint.

168.     Defendant admits that on or about October 13, 2008, Ms. Goorevich sent an email and avers that it is the best evidence of its contents.  Defendant denies the remaining allegations contained in Paragraph 168 of the Complaint.

169.     Defendant admits the allegations contained in Paragraph 169 of the Complaint.

170.     Defendant admits that on or about October, 13, 2008, Ms. Hughes asked Ms. Goorevich and Mr. Forrester to discuss the issues they had with each other and that Ms. Hughes asked Mr. Forrester to step out because Ms. Goorevich alleged she was not comfortable. Defendant avers that Ms. Goorevich subsequently changed her mind and asked that Mr. Forrester

return to the meeting.  Defendant denies the remaining allegations contained in Paragraph 170 of the Complaint.

171.     Defendant admits that Ms. Hughes advised Ms. Goorevich of some of the issues Mr. Forrester had with her and that Ms. Goorevich asked that Mr. Forrester return to the meeting. Defendant denies the remaining allegations contained in Paragraph 171 of the Complaint.

172.     Defendant admits that Ms. Hughes advised both Ms. Goorevich and Mr. Forrester that she had called a meeting so that both individuals could express the issues they had with one another.   Defendant denies the remaining allegations contained in Paragraph 172 of the Complaint.

173.     Defendant denies the allegations contained in Paragraph 173 of the Complaint.

174.     Defendant admits that Ms. Goorevich contacted Mr. Hong on October 14, 2008. Defendant denies the remaining allegations contained in Paragraph 174 of the Complaint.

175.     Defendant admits that Mr. Forrester was terminated on or about October 21, 2008, and denies the remaining allegations contained in Paragraph 175 of the Complaint.

176.     Defendant admits the allegations contained in Paragraph 176 of the Complaint.

177.     Defendant admits Ms. Goorevich received a review in November of 2008 and avers that the review is the best evidence of its content.  Defendant further admits that raises are linked to review scores.   Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 177 of the Complaint.

178.     Defendant admits that Ms. Goorevich did not receive a raise in 2009, and denies the remaining allegations contained in Paragraph 178 of the Complaint.

179.     Defendant denies the allegations contained in Paragraph 179 of the Complaint.

180.     Defendant admits that Ms. Goorevich slipped and fell.  Defendant denies that Ms. Hughes berated Ms. Goorevich or that she wrote her up for abandoning her shift.  Defendant denies the remaining allegations for lack of information sufficient to justify a belief in the truth therein.

181.     Defendant denies the allegations contained in Paragraph 181 of the Complaint.

182.     Defendant denies the allegations contained in Paragraph 182 of the Complaint.

183.     Defendant admits Ms. Goorevich resigned on or about August 4, 2009, and denies the remaining allegations contained in Paragraph 183 of the Complaint.

## CAUSES OF ACTION

### COUNT I

### EMPLOYMENT DISCRIMINATION OF THE BASIS OF GENDER
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq*.**
**(On Behalf of All Plaintiffs)**

184.     Defendant adopts and incorporates its responses and affirmative defenses to paragraphs 1-183 of Plaintiffs' Complaint.

185.     Defendant admits the allegations contained in Paragraph 185 of the Complaint.

186.     Defendant denies the allegations contained in Paragraph 186 of the Complaint.

187.     Defendant denies the allegations contained in Paragraph 187 of the Complaint.

188.     Defendant denies the allegations contained in Paragraph 188 of the Complaint.

189.     Defendant denies the allegations contained in Paragraph 189 of the Complaint.

190.     Defendant denies the allegations contained in Paragraph 190 of the Complaint and denies that Plaintiffs are entitled to any relief.

## COUNT II

### EMPLOYMENT DISCRIMINATION OF THE BASIS OF GENDER
**District of Columbia Human Rights Act of 1977, D.C. Code §2-1401 *et seq*.**
**(On Behalf of Plaintiffs Bush and Wilder)**

191.     Defendant adopts and incorporates its responses and affirmative defenses to paragraphs 1-190 of Plaintiffs' Complaint.

192.     Defendant admits the allegations contained in Paragraph 192 of the Complaint.

193.     Defendant admits the allegations contained in Paragraph 193 of the Complaint.

194.     Defendant denies the allegations contained in Paragraph 194 of the Complaint.

195.     Defendant denies the allegations contained in Paragraph 195 of the Complaint.

196.     Defendant denies the allegations contained in Paragraph 196 of the Complaint.

197.     Defendant denies the allegations contained in Paragraph 197 of the Complaint.

198.     Defendant denies the allegations contained in Paragraph 198 of the Complaint and denies that Plaintiffs are entitled to any relief.

## COUNT III

### EMPLOYMENT DISCRIMINATION OF THE BASIS OF GENDER
**Sexual Harassment - Hostile Work Environment**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. Code §2000(e) *et seq*.**
**(On Behalf of Plaintiff Goorevich)**

199.     Defendant adopts and incorporates its responses and affirmative defenses to paragraphs 1-198 of Plaintiffs' Complaint.

200.     Defendant admits that Ms. Goorevich purports to assert a sexual harassment claim under Title VII, as amended, and that the text of Title VII is the best evidence of its content.

201.     Defendant denies the allegations contained in Paragraph 201 of the Complaint.

202.     Defendant admits Ms. Goorevich is a woman and denies the remaining allegations contained in Paragraph 202 of the Complaint.

203.     Defendant denies the allegations contained in Paragraph 203 of the Complaint.

204.     Defendant denies the allegations contained in Paragraph 204 of the Complaint.

205.     Defendant denies the allegations contained in Paragraph 205 of the Complaint.

206.     Defendant denies the allegations contained in Paragraph 206 of the Complaint and

denies that Plaintiff is entitled to any relief.

**COUNT IV**

**EMPLOYMENT DISCRIMINATION OF THE BASIS OF GENDER**
**Wrongful Discharge**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)** *et seq.*
**(On Behalf of Plaintiffs Bush and Wilder)**

207.     Defendant adopts and incorporates its responses and affirmative defenses to

paragraphs 1-206 of Plaintiffs' Complaint.

208.     Defendant admits that Plaintiff's Bush and Wilder are women and avers the text

of Title VII is the best evidence of its content.

209.     Defendant denies the allegations contained in Paragraph 209 of the Complaint.

210.     Defendant denies the allegations contained in Paragraph 210 of the Complaint.

211.     Defendant denies the allegations contained in Paragraph 211 of the Complaint.

212.     Defendant denies the allegations contained in Paragraph 212 of the Complaint.

**COUNT V**

**EMPLOYMENT DISCRIMINATION OF THE BASIS OF GENDER**
**Wrongful Discharge**
**District of Columbia Human Rights Act of 1977, D.C. §22-1401** *et seq.*
**(On Behalf of Plaintiffs Bush and Wilder)**

213.     Defendant adopts and incorporates its responses and affirmative defenses to

paragraphs 1-212 of Plaintiffs' Complaint.

214.     Defendant admits the allegations contained in Paragraph 214 of the Complaint.

215.     Defendant admits Plaintiff are women and denies the remaining allegations contained in Paragraph 215 of the Complaint.

216.     Defendant denies the allegations contained in Paragraph 216 of the Complaint.

217.     Defendant denies the allegations contained in Paragraph 217 of the Complaint.

218.     Defendant denies the allegations contained in Paragraph 218 of the Complaint.

219.     Defendant denies the allegations contained in Paragraph 219 of the Complaint.

220.     Defendant denies the allegations contained in Paragraph 220 of the Complaint and denies that Plaintiffs are entitled to any relief.

## COUNT VI

### RETALIATION
**Wrongful Discharge**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e)-3(a) *et seq.***
**(On Behalf of Plaintiff Goorevich and Plaintiff Wilder)**

221.     Defendant adopts and incorporates its responses and affirmative defenses to paragraphs 1-220 of Plaintiffs' Complaint.

222.     Defendant denies the allegations contained in Paragraph 222 of the Complaint.

223.     Defendant denies the allegations contained in Paragraph 223 of the Complaint.

224.     Defendant denies the allegations contained in Paragraph 224 of the Complaint.

225.     Defendant denies the allegations contained in Paragraph 225 of the Complaint.

226.     Defendant denies the allegations contained in Paragraph 226 of the Complaint.

227.     Defendant denies the allegations contained in Paragraph 227 of the Complaint.

228.     Defendant denies the allegations contained in Paragraph 228 of the Complaint.

229.     Defendant denies the allegations contained in Paragraph 229 of the Complaint and denies Plaintiffs are entitled to any relief.

## COUNT VII

### <u>EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER</u>
**Constructive Discharge**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)** *et seq.*
**(On Behalf of Plaintiff Goorevich)**

230.     Defendant adopts and incorporates its responses and affirmative defenses to

paragraphs 1-229 of Plaintiffs' Complaint.

231.     Defendant denies the allegations contained in Paragraph 231 of the Complaint.

232.     Defendant denies the allegations contained in Paragraph 232 of the Complaint.

233.     Defendant denies the allegations contained in Paragraph 233 of the Complaint.

234.     Defendant denies the allegations contained in Paragraph 234 of the Complaint.

235.     Defendant denies the allegations contained in Paragraph 235 of the Complaint.

236.     Defendant denies the allegations contained in Paragraph 236 of the Complaint.

237.     Defendant denies the allegations contained in Paragraph 237 of the Complaint.

238.     Defendant denies the allegations contained in Paragraph 238 of the Complaint.

239.     Defendant denies the allegations contained in Paragraph 239 of the Complaint.

240.     Defendant denies the allegations contained in Paragraph 240 of the Complaint.

241.     Defendant denies the allegations contained in Paragraph 241 of the Complaint.

242.     Defendant denies the allegations contained in Paragraph 242 of the Complaint.

**FURTHER,** Defendant is not called upon to affirm or deny the prayer for relief

contained in Plaintiffs' Complaint, but affirmatively states that there are no grounds in law or in

fact that warrant the granting of Plaintiffs' prayer for relief and that the request is neither

appropriate nor justified.

WHEREFORE, Defendant prays that this, its Answer and Affirmative Defenses to the

Plaintiffs' Complaint, be deemed good and sufficient, and that, after due proceedings there be

judgment in its favor and against Plaintiffs, thereby dismissing all claims asserted therein, and that cost and attorneys' fees be assessed against Plaintiffs, and for such other and further relief as justice and law may require.


Dated:  January 28, 2011                    Respectfully submitted,

                                            _____
                                            RICHARD J. TYLER (D.C. Bar No. 358963)
                                            Jones, Walker, Waechter, Poitevent,
                                            Carrère & Denègre, L.L.P.
                                            201 St. Charles Avenue, 49th Floor
                                            New Orleans, Louisiana 70170
                                            Telephone: (504) 582-8266
                                            Facsimile: (504) 589-8266
                                            rtyler@joneswalker.com

                                            Attorneys for Ruth's Chris

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record by filing this pleading via the Court's ECF system this 28th day of January, 2011.

                                            _____