UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHARINE BUSH,<br>MELIA WILDER (NEE STOPA), and<br>SHELLY GOOREVICH,<br><br>               Plaintiffs,<br><br>               v.<br><br>RUTH'S CHRIS STEAK HOUSE, INC., and<br>RUTH'S HOSPITALITY GROUP, INC.<br><br>               Defendants. | Civil Action No. 10-cv-01721 (BJR)<br><br>ORDER GRANTING MOTION TO AMEND |

This matter is before the court on **Plaintiffs' Motion for Leave to File Amended Complaint, Points and Authorities in Support Thereof, and Related Notice of New Parties and Claims** [Docket No. 23; Filed May 6, 2011] (the "Motion"). Defendants filed a response in opposition to the Motion on April 20, 2011 [Docket No. 24] and Plaintiffs filed a reply on May 31, 2011 [Docket No. 25]. After completion of briefing, Defendants moved for and received leave to file supplemental briefing regarding the impact of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541 (2011) on the present Motion. Defendants' supplemental brief was filed on June 24, 2011 [Docket No. 27] and Plaintiffs' response was filed on July 8, 2011 [Docket No. 28]. The matter was reassigned to this court in September 2011. The Motion is fully briefed and ripe for resolution. As an initial matter, the Motion was filed within the pleading amendment deadline and is therefore timely. For the reasons set forth below,

       IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

I. **Background**

This matter pertains to Defendants' alleged discriminatory employment practices. Specifically, Plaintiffs are former female employees of Ruth's Chris Steakhouse. Plaintiffs contend that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") and Plaintiffs Bush and Wilder contend that Defendants violated their rights pursuant to the District of Columbia Human Rights Act ("DCHRA"). *Complaint* [#1] at 33-40. The operative Complaint purports to assert "pattern and practice" gender discrimination and retaliation claims. At the time of filing of the parties' Joint Meet and Confer Reports, they were in agreement that "this case . . . has not been brought as a class action." *Report* [#13] at 6; *Revised Report* [#16] at 9.

On March 14, 2011, Defendants filed a Motion for Partial Summary Judgment to dismiss any pattern and practice allegations contained in the operative Complaint on the basis that such allegations are only relevant in cases involving class claims [Docket No. 14]. In its April 1, 2011 opposition to that motion, Plaintiffs do not allege that they intend to pursue class claims [Docket No. 20]. Instead, Plaintiffs argue that pattern and practice allegations and evidence may be used to prove individual claims of discrimination. *Opposition* [#20] at 2, 8. That motion remains pending and is fully briefed.

On the date of the pleading amendment deadline, Plaintiffs filed the Motion at issue here. Specifically, Plaintiffs move to add individual DCHRA claims associated with a new Plaintiff and current employee of Ruth's Chris Steakhouse, LaDawn Harris-Robinson, and, for the first time, to add class claims. Plaintiffs also provide notice of their intent to seek amendment at a later time to assert claims held by an individual

named Amy Fisher and to assert additional, but presently unexhausted, Title VII claims held by Ms. Harris-Robinson.

As a preliminary matter, Defendants do not oppose amendment to add DCHRA claims on behalf of LaDawn Harris-Robinson. To the extent that Plaintiffs provide notice of their intention to seek amendment to add Ms. Fisher and her claims and any later-exhausted Title VII claims held by Ms. Harris-Robinson, those potential amendments are not at issue here, and the court passes no judgment as to whether such amendments may be granted.

In relation to the class claims, Defendants contend that amendment should not be permitted because Plaintiffs failed to raise class claims earlier despite ample opportunity to do so, Defendants would be unduly prejudiced, and the proposed amendment to add class claims would be futile. *Opposition* [#24] at 7-9. In regard to futility, Defendants argue that although Plaintiffs contend that the named Plaintiffs share common claims related to employment discrimination, many of the individual claims are distinct from each other and no one Plaintiff has the same claims as another. *Id.* at 10-12.

## II. Analysis

The court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.     Undue Delay and Prejudice

As a preliminary matter, although Defendants characterize the timing of Plaintiffs' request as a failure to cure, the court finds that this argument is more appropriately analyzed as undue delay. While recognizing that Plaintiffs could have made their intention to seek relief on the behalf of a class sooner, e.g., before unnecessary scheduling and dispositive motions briefing, the court does not find that Plaintiffs' conduct to date prevents them from pursuing amendment. *See Caribbean Broad. Sys. Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (noting that even prolonged delay does not necessarily prohibit amendment in light of overwhelming desire to resolve case on its merits). Moreover, the court weighs this factor against whether Defendants are prejudiced by the timing of the amendment. Undue prejudice to Defendants is arguably the most important consideration in determining whether amendment should be permitted. *See United States v. Hougham,* 364 U.S. 310, 316 (1960) ("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."). Undue prejudice is not implicated merely because the proposed amendment would "increase defendant's potential liability" or prompt the need for additional discovery. 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 723 (3d ed. 2010); *M.K. v. Tenet*, 216 F.R.D. 133, 139-40 (D.D.C. 2002).

Given that the Motion was filed within the pleading amendment deadline and that the Complaint already contained pattern and practice allegations, the court finds that Defendants are not unduly prejudiced by the amendment. *See* 6 Wright et al., *supra*, at 726-27. Further, pursuant to this Order, the court will direct the parties to propose a new

4

case schedule to conduct class-related discovery and to file a motion for class certification.

> B.    **Futility**

The parties disagree as to the scope of the court's review regarding whether the proposed amendment to add class claims is futile.  Defendants argue that there is a heightened threshold for determining futility when class claims are implicated. *Opposition* [#24] at 9-12.  For example, in addition to considering the traditional Fed. R. Civ. P. 15(a) standard, Defendants' argue that the amendment should be subjected to a preliminary, yet rigorous, Fed. R. Civ. P. 23 analysis.  By contrast, Plaintiffs contend that the traditional futility analysis of whether a pleading could survive a motion to dismiss is the appropriate threshold.  *Reply* [#25] at 7-11.

The D.C. Circuit does not appear to have resolved this question, and courts are split as to whether a heightened standard applies when amendment relates to the addition of class claims.  *Compare Smith v. Transworld Sys., Inc.*, 953 F.2d 1025 (6th Cir. 1992) (imposing heightened review); *Presser v. Key Food Stores Coop., Inc.*, 218 F.R.D. 53 (E.D.N.Y. 2003) (same), *with In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571 (D.N.M. 2010) (reserving heightened review for class certification stage).  The court finds that a hybrid approach of the parties' proposals is warranted here.  Specifically, the court considers whether Plaintiffs' proposed Amended Complaint contains sufficient allegations to implicate a Rule 23 claim, but only in relation to whether Plaintiffs have satisfied the plausibility pleading requirements governing resolution of a motion to dismiss.

Although Defendants cite to *Wal-Mart* as a basis for summarily rejecting Plaintiffs' class allegations as inadequate, see *Supplement* [#27] at 2-5, that case was postured dramatically differently than the one at issue here. The decision in *Wal-Mart* was rendered after discovery had occurred and the issue of class certification had been fully vetted. There, the Supreme Court was able to consider evidence in determining whether a class should be certified. *See, e.g.*, *Wal-Mart*, 131 S. Ct. at 2551-52. Here, the court need only consider whether Plaintiffs' proposed Amended Complaint contains sufficient allegations, taking them as true, to raise a plausible basis for pursuing class claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While to make this determination, the court must cursorily consider whether Plaintiffs allegations speak to the necessary elements of Rule 23, any ambiguity in this area is resolved in favor of Plaintiffs. *See Scheuer v. Rhondes*, 416 U.S. 232, 236 (1974). Moreover, to the extent that Defendants cite to evidence, or the lack thereof, to support its position or disprove Plaintiffs', it is inappropriate to consider matters outside the Complaint at this stage, and the court does not do so. *See Firestone v. Firestone*, 76 F.3d 1205, 1210 (D.C. Cir. 1996).

In order to plausibly implicate Rule 23, Plaintiffs' allegations must speak to whether (1) the class is sufficiently numerous such that it would be infeasible to adjudicate all claims separately; (2) there exist questions of law or fact common to the class; (3) the representative parties' claims are typical of the class; and (4) the representative parties can fairly protect the interests of class members. Fed. R. Civ. P. 23(a). These four factors are often referred to as numerosity, commonality, typicality and adequate representation. *See, e.g.*, *Wal-Mart*, 131 S. Ct. at 2250. Moreover, the

class must be alleged to fall within one of the three categories of class actions listed in Rule 23(b).

On its face, the proposed Amended Complaint contains sufficient allegations that speak to each of the four factors set forth in Rule 23(a). In addition, Plaintiffs assert that their class claims could potentially be certified pursuant to either Rule 23(b)(2) or (b)(3). These allegations can and should be thoroughly vetted after pre-class discovery and further briefing. *See, e.g.*, *Thornburg*, 265 F.R.D. at 581. It is not the court's role at this stage to weigh the persuasiveness of the parties' respective positions. *See Scheuer*, 416 U.S. at 236 (noting that the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"); *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, 604 F. Supp. 2d 26, 31 (D.D.C. 2009) (recognizing that "a low likelihood of success is not an acceptable reason for denying leave to amend"). Therefore, the court will leave the question of whether Plaintiffs are actually entitled to class recovery to be decided on a fully-briefed motion for class certification.

Resolving all ambiguities in favor of Plaintiffs, the court concludes that it is not clear that the proposed amendments are futile. Furthermore, the request was timely made and Defendants have not demonstrated that they will suffer any undue prejudice. Accordingly,

### III. Conclusion

IT IS HEREBY **ORDERED** as follows:

(1)   Plaintiffs' Amended Complaint [Docket No. 23-1] is accepted for filing as of the date of this Order;

(2) Defendants shall answer or otherwise respond to the Amended Complaint on or before **November 14, 2011**;

(3) the court passes no judgment as to the appropriateness of further amendment to include additional claims by Ms. Harris-Robinson or new claims by Ms. Fisher; and

(4) on or before **November 23, 2011**, the parties shall submit a revised Joint Meet and Confer Report which takes into account the existence of class claims and proposes deadlines and parameters for class-certification discovery and a deadline to file a motion for class certification.

Given that Defendants' Motion for Partial Summary Judgment addresses dismissal of Plaintiffs' pattern and practice allegations on the basis that no class claims are asserted, the court's holding above necessarily moots Defendants' motion. Accordingly,

IT IS FURTHER **ORDERED** that Defendants' Motion for Partial Summary Judgment [#14] is **STRICKEN as moot**.

Dated:  October 12, 2011

/s Barbara J. Rothstein
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE