# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHARINE BUSH, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>RUTH'S CHRIS STEAK HOUSE, INC., *et al*.<br><br>Defendants. | CIVIL ACTION NO. 1:10-cv-01721<br><br>JUDGE BARBARA JACOBS ROTHSTEIN |

## MOTION TO COMPEL PRODUCTION OF DATA AND RELATED DOCUMENTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to the Court's December 19, 2011 Order, (Dkt. 52), which allowed Plaintiffs to file this motion, Plaintiffs respectfully move for an order directing Defendants to produce "previously compiled computerized or hard-copy data . . . that report . . . on, the gender representation of Defendants' workforce during the Time Period." Dkt. 52, at 7.[1] Defendants admit to having previously compiled and responsive documents in their possession, but are withholding this probative discovery based on misguided claims of privilege. Plaintiffs are not seeking to obtain any attorney work-product or protected expert communications; rather, Plaintiffs simply seek raw data on gender representation—highly relevant information that is not protected by the attorney-client privilege or work product doctrine.

Specifically, Plaintiffs sought data and documents compiled for the purpose of analyzing gender-based adverse impact in Defendants' workforce. Defendants identified a report prepared by Dr. Dan Kuang, a consultant retained to perform a study of gender representation in their workforce, but refused to provide the report asserting attorney-client privilege and the work-

---

[1] The parties conferred pursuant to LCvR 7(m) by telephone on March 27, 2012, but were unable to reach an agreement. This motion is opposed.

product doctrine. Subsequently, Plaintiffs issued a Second Request for Production in which they requested only the underlying data provided to Dr. Kuang. Defendants objected, arguing that this information was prepared in anticipation of litigation and exceeds the discovery parameters for the time period and covered positions. Despite numerous inquiries by Plaintiffs, Defendants have never asserted that Dr. Kuang is not expected to be called as a witness at trial.

## I.    Factual Background

Plaintiffs' discovery requests sought information regarding the gender representation of Defendants' workforce. Ex. 1, Pls.' Requests for Production, Nos. 18, 20, 22, 51, 63 and 88. Defendants' Privilege Log identified "[e]mails and study [b]y Dr. Dan Kuang during pendency of Plaintiffs' (Bush, Wilder), EEOC charges," Ex. 2, Defs,' Privilege Log, July 5, 2011, but refused production based on the attorney-client privilege and work-product doctrine. *Id.*

Plaintiffs attempted to evaluate the claims of privilege by asking Defendants, "Do you intend to offer Dr. Kuang as an expert witness? Was he retained as a non-testifying expert, testifying expert, or in some other capacity?" Ex. 3 at 3-4, July 27, 2011 letter from A. Gold; see also, Ex. 4 at 5, Sept. 2, 2011 letter from A. Gold. The parties ultimately submitted their discovery disputes to the Court resulting in the December 19th Order, requiring production of

> any previously compiled computerized or hard-copy data and information that investigate, analyze, report, study, or comment on, the gender representation of Defendants' workforce during the Time Period. . . . If, after [January 13, 2012], disputes remain about the validity of the privilege log or the assertion of a privilege, Plaintiffs may file a five-page motion addressing the dispute and attaching the privilege log.

Dkt. 52, at 7. In a January 13, 2012 letter, Ex. 5 at 6, letter from T. Kern, Defendants stated,

> Ruth's Chris has previously asserted the attorney-client privilege and the work product doctrine in relation to a study performed by Dr. Dan Kuang during the administrative phase of this case and those assertions stand. In addition, with the Court's stated restrictions on discovery, Dr. Kuang's report is not responsive to the Court's Orders, as it is not limited to the time period of 2006-2009 and it is not limited to the relevant positions.

Plaintiffs subsequently asked Defendants for "the basis for your objection consistent with the Rule," Ex. 6 at 3, Jan. 20, 2012 letter from T. Null, and specifically, "[d]o you plan to use Dr. Kuang as an expert in the litigation?" Ex. 7 at 1, Feb. 1, 2012 letter from T. Null.

On February 3, 2012, Plaintiffs propounded their Second Requests for Production of Documents which requested, *inter alia*, "[a]ll documents and data provided to Dan Kuang for the Initial Gender-Based Adverse Impact Analysis for years 2002-2008." Ex. 8 at 10, Pls.' Second RFP, No. 7.  Defendants asserted the following objections to the above-quoted request:

> Ruth's Chris objects to this request as premature, overbroad and to the extent it requests documents or data protected by the attorney client privilege or work product doctrine. In addition, Ruth's Chris objects to this request to the extent it requests information outside of the relevant time period and outside of the relevant positions,[2] as outlined in the Court's December 19, 2011 Order. Ruth's Chris states that, should it retain an expert witness to be used at trial, it will comply with the requirements set out in Federal Rule of Civil Procedure 26(a)(2)(B), the Scheduling Order in this case, and if necessary, will supplement this response.

*See* Ex. 9 at 7, Defs' Responses to Pls.' Second RFP.

Thereafter, Plaintiffs emphasized that they are only seeking the underlying data—not Dr. Kuang's report—and in order to evaluate the assertion of privilege, asked again if Defendants intend to call Dr. Kuang as an expert.  *See* Ex. 10 at 2, Mar. 15, 2012 letter from A. Gold.  Defendants responded: "[W]e do not know if we plan to use Dr. Kuang in the litigation. We will identify any testifying expert witness we plan to use pursuant to the Court's Scheduling Order." Ex. 11 at 2, Mar. 19, 2012 letter from D. Theard.  Defendants also asserted that the data are protected from discovery by Fed. R. Civ. P. 26(b)(3)(A) as they were "prepared in anticipation of litigation" and extend beyond the discovery limits set by the Court as to time and positions. Ex. 12 at 2, Mar. 19, 2012 letter from D. Theard.

---

[2]Dr. Kuang's study apparently analyzes the gender composition of the Ruth's Chris workforce from 2002 to 2008, which overlaps significantly with the discovery period of 2006 to 2009.

3

**II.     Argument**

In refusing to produce the requested data, it is significant that Defendants have never—despite repeated inquiries by Plaintiffs—asserted that Dr. Kuang is not expected to be called as a witness for trial.  Nor have they relied on Fed. R. Civ. P. 26(b)(4)(D), which protects facts from discovery, by interrogatories or deposition only, that are provided to non-testifying experts retained only for trial preparation.  That rule provides:

> *Expert Employed Only for Trial Preparation.*  Ordinarily, a party may not, <u>by interrogatories or deposition</u>, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial *<u>and who is not expected to be called as a witness at trial.</u>*

Fed. R. Civ. P. 26(b)(4)(D) (emphasis added).

Defendants essentially seek the protection of Rule 26(b)(4)(D)—for underlying data provided to Dr. Kuang without meeting the requirement that Dr. Kuang "is not expected to be called as a witness at trial" – a position they have never taken.  Instead, Defendants state that they do not know if they plan to call Dr. Kuang at trial and that they will decide later.  Defendants are free to decide on their testifying experts at the date set in the Scheduling Order.  There simply is no rule, however, that allows a party to withhold data provided to an expert for whom they cannot or will not assert "is not expected to be called as a witness at trial."  Presumably, the reason Defendants have never invoked Rule 26(b)(4)(D) to support their position is because they cannot truthfully assert that Dr. Kuang "is not expected to be called as a witness at trial."  As such, they are not entitled to the protection of Rule 26(b)(4)(D).[3]

---

[3] If Dr. Kuang is expected to be a witness, the data clearly are discoverable.  Rule 26(b)(4)(C)(ii) provides that communications between a party's attorney and an expert witness are not privileged if they "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed."  This provision requires the production of "underlying data" provided to an expert.  *See Nw. Home Designing, Inc. v. Golden Key Constr., Inc.*, No. 11-cv-05289 RBL, 2012 U.S. Dist. LEXIS 17033, at *9 (W.D. Wash. Feb. 10, 2012).

Defendants claim the data are privileged under Fed. R. Civ. P. 26(b)(3)(A), which provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." *See* Ex. 12 at 2. However, Plaintiffs are not seeking Dr. Kuang's report or communications with defense counsel. Instead, they seek underlying raw data and documents. Rule 26(b)(3) "protects from disclosure the 'mental impressions, conclusions, opinions or legal theories of a party's attorney' . . . [but a] lawyer who provides objective facts or data to a[n expert witness]. . . is not conveying 'mental impressions, conclusions, opinions or legal theories.'" *In re Asbestos Prods. Liab. Litig.*, No. MDL 875, 2011 U.S. Dist. LEXIS 143009, at *22-23 n.10 (E.D. Pa. Dec. 13, 2011). For this reason, the data and related documents are not privileged and must be produced.

The fact that this data set may be broader than the current discovery parameters should not be an impediment to production. These data are already compiled and therefore not burdensome to produce. The Court-established discovery parameters were set, in part, to limit the burden on Defendants. Here, that is a non-issue.

It is axiomatic that a key purpose of the federal rules is for the discovery process to put the parties on a level playing field. Defendants' position would deprive Plaintiffs of important data and would create unfair advantage for Defendants.

### III.   Conclusion

Plaintiffs respectfully request that the Court order Defendants to produce all data and documents responsive to Document Request No. 7 of Plaintiffs' Second RPD.

Dated:  April 20, 2012                                        Respectfully submitted,

                                                              ___/s/ Janell M. Byrd_____

                Hassan A. Zavareei
                D.C. Bar No. 456161
                Andrea R. Gold
                D.C. Bar No. 502607
                **TYCKO & ZAVAREEI LLP**
                2000 L Street, NW
                Suite 808
                Washington, DC  20036
                (202) 973-0900 (Telephone)
                (202) 973-0950 (Fax)
                hzavareei@tzlegal.com

                Cyrus Mehri
                D.C. Bar No. 420970
                Janell M. Byrd
                D.C. Bar No. 376609
                Taryn Wilgus Null
                D.C. Bar No. 985724
                **MEHRI & SKALET, PLLC**
                1250 Connecticut Avenue, NW
                Suite 300
                Washington, DC  20036
                (202) 822-5100 (Telephone)
                (202) 822-4997 (Fax)
                cmehri@findjustice.com

                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on April 20, 2012, I caused the foregoing Motion to Compel Data and Related Documents and Memorandum of Points and Authorities in Support Thereof and Proposed Order to be served by ECF upon the following:

Thomas A. Casey, Jr.
Richard J. Tyler
Tracy E. Kern
David Theard
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
(504) 582-8266 (telephone)
(504) 589-8266 (fax)
tcaseyjr@joneswalker.com
rtyler@joneswalker.com

tkern@joneswalker.com
dtheard@joneswalker.com

Laurie M. Chess
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, LLP
201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
(305) 679-5278 (telephone)
(305) 679-5710 (fax)
lchess@joneswalker.com

*Attorneys for Defendants*

                                                  /s/ Janell M. Byrd